UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,  Case No. 3:23-cr-575

        Plaintiff,

    v.  MEMORANDUM OPINION
 AND ORDER

Avi Jitendrakumar Patel,

        Defendant.

Defendant Avi Jitendrakumar Patel filed a motion for reconsideration of my denial of his motion for the return of his property pursuant to Federal Rule of Criminal Procedure 41. (Doc. No. 309). The government opposes Patel's motion. (Doc. No. 316).

While the Federal Rules of Criminal Procedure do not contemplate motions for reconsideration, courts "adjudicating such motions in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment [filed] pursuant to Federal Rule of Civil Procedure 59(e)." *United States v. Stamper*, No. 1:15CR109, 2018 WL 1241575, at *6 (S.D. Ohio Mar. 9, 2018) (citations and internal omitted). "Under Rule 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). These motions are not designed to give an unhappy litigant an opportunity

to relitigate matters already decided; nor are they a substitute for appeal. *Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D. Ohio 1991).

As I previously concluded, the government has a continuing interest in retaining Patel's cell phones because those cell phones were presented as evidence during the trial of two of Patel's co-defendants and the proceedings involving those co-defendants remain ongoing. (Doc. No. 276). Patel's disagreement with my earlier decision is not a qualifying basis for reconsideration of that decision.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge